Filed 9/29/20  P. v. Suarez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JUAN CARLOS SUAREZ,<br><br>     Defendant and Appellant. | B305883<br><br>(Los Angeles County Super. Ct. No. MA062937) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Mangay Chung, Judge.  Dismissed.

Juan Carlos Suarez, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2015, Juan Carlos Suarez entered a negotiated plea of no contest to a charge of possessing heroin in prison (Pen. Code, § 4573.6, subd. (a))[1] based on an incident that happened in 2013. (*People v. Suarez* (Aug. 24, 2016, B267996) [nonpub. opn.], p. 2.) As part of his sentence, the trial court ordered Suarez to pay a restitution fine of $1,200 under section 1202.4, subdivision (b) and imposed and stayed an additional $1,200 parole, postrelease community supervision, or mandatory supervision restitution fine under section 1202.45. We affirmed the judgment in 2016. (*Suarez*, at p. 4.)

On December 11, 2019, Suarez filed a motion in the trial court challenging the two restitution fines based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Suarez requested that the trial court stay the execution of the restitution fines because the trial court did not make a finding that he was able to pay the fines. The trial court denied Suarez's motion on March 10, 2020.

Suarez timely appealed and we appointed counsel to represent him on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Cole* (2020) 52 Cal.App.5th 1023.) Counsel notified Suarez that he would be filing a brief, that Suarez was entitled to file a supplemental brief with this court, and that counsel remained available to brief any issues upon our request. We also notified Suarez that he was entitled to file a supplemental brief.

---

[1] Further statutory references are to the Penal Code.

On September 2, 2020, Suarez filed a supplemental brief. In it, he contends that *Dueñas* and *People v. Belloso* (2019) 42 Cal.App.5th 647 (*Belloso*) allow him to challenge the restitution fines the trial court imposed even after finality of the judgment against him.

The question of whether a trial court must consider a criminal defendant's ability to pay before imposing or executing fines, fees, and assessments is currently pending in our Supreme Court. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.) Regardless of whether *Dueñas* applies to judgments that are not yet final, it does *not* apply to judgments that were final before it was decided.[2] (See *In re Gomez* (2009) 45 Cal.4th 650, 654-655.)

Trial courts do not have jurisdiction to grant a motion, filed after execution of the defendant's sentence has begun, challenging the trial court's failure to hold an ability-to-pay hearing under *Dueñas*. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1088.) The trial court's order is not an appealable order, and the appeal is therefore dismissed. (*Ibid.*)

---

[2] *Belloso* does not alter our analysis. The judgment in *Belloso* was not yet final when *Dueñas* was decided. (See *Belloso*, *supra*, 42 Cal.App.5th at p. 653.)

3

**DISPOSITION**

The appeal is dismissed.

                                        CHANEY, J.

We concur:


        BENDIX, Acting P. J.


        SINANIAN, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4